UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| RAYMOND WAYNE MAGEE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:05-cv-707 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| THOMAS PHILLIPS, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| _____ | ) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d) prior to ordering the respondent to answer. *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

I.   Factual Allegations

Petitioner is presently incarcerated in the Pugsley Correctional Facility. On May 13, 1997, Petitioner pleaded *nolo contendere* in the St. Clair County Circuit Court to criminal sexual conduct in the second degree, MICH. COMP. LAWS § 750.520(c)(1)(a); assault with intent to commit penetration, MICH. COMP. LAWS § 750.520(g)(1); and attempted criminal sexual conduct in the third degree, MICH. COMP. LAWS § 750.520(d). The trial court sentenced Petitioner on June 3, 1997 to concurrent terms of imprisonment of 42 months to 15 years for second degree criminal sexual conduct; three to ten years for assault with intent to penetrate; and two to five years attempted third degree criminal sexual conduct. On December 3, 1998, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal. The Michigan Supreme Court denied his application for leave to appeal on July 27, 1999.

On March 10, 2003, Petitioner filed a motion for relief from judgment in the St. Clair County Circuit Court, which was denied on August 23, 2003. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications to appeal on February 10, 2004 and October 26, 2004, respectively.

Petitioner filed the instant petition on October 14, 2005, raising three grounds for habeas corpus relief.

II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

- 2 -

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001)

(limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S.

4, 8 (2000) (defining "properly filed").

   In this case, § 2244(d)(1)(A) provides the period of limitation.  The other subsections

do not apply to the grounds that Petitioner has raised.  Under § 2244(d)(1)(A), the one-year

limitation period runs from "the date on which the judgment became final by the conclusion of direct

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

review or the expiration of the time for seeking such review." According to Petitioner's habeas application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on July 27, 1999. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on October 25, 1999.

Petitioner had one year from October 25, 1999, to file his habeas application. Petitioner filed on or about October 14, 2005.[2] Because he filed more than one year after the time for direct review expired, his application is time-barred.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or "restart the clock." Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired in October 2000, his motion for relief from judgment filed in 2003 does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

---

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on October 13, 2005, and it was received by the Court on October 14, 2005. Consequently, Petitioner must have handed it to prison officials for mailing on October 13 or 14.

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. However, at paragraph 13 of his petition, Petitioner states that it was not until September 2002 that he became aware that MICH. COMP. LAWS § 750.520, the statute under which he was convicted, was unconstitutional through defects in its enactment. The statute was enacted in 1974, and the same issue raised by Petitioner was addressed in *People v. Clopton*, 324 N.W. 2d 128 (1982) (holding § 750.520 is constitutional). Thus, the facts upon which Petitioner bases his claim were available in 1997, when Petitioner was sentenced and began his appeal process. Petitioner has not shown that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute

- 5 -

of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002). This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

Dated:  January 25, 2006           /s/ Hugh W. Brenneman, Jr.
                                   Hugh W. Brenneman, Jr.
                                   United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).